UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LICEAGA, #658238,

       Petitioner,

                                           Case No. 11-CV-15160

v.

                                           HON. MARK A. GOLDSMITH

DAVID BERGH,

       Respondent.
_____/

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 8), ORDERING THAT THE AMENDED PETITION (Dkt. 9) BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS

### I.  INTRODUCTION

     Petitioner Antonio Liceaga, confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), in which he challenged his convictions for second-degree murder, Mich. Comp. Laws § 750.317; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On April 30, 2012, the Court entered an order granting Petitioner's motion for stay pending completion of state post-conviction proceedings.  See 4/30/2012 Order (Dkt. 6).  The Court also administratively closed the case.  Id.

     Petitioner has filed a motion to reinstate his habeas petition (Dkt. 8), claiming he has exhausted his state-court remedies.  For the reasons stated below, the Court grants the motion. The Court further orders that Respondent file a responsive pleading to the petition and the Rule 5 materials within sixty (60) days of the Court's order.

## II. ANALYSIS

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state-court remedies.  See Rodriguez v. Jones, 625 F. Supp. 2d 552, 559-560 (E.D. Mich. 2009); Walker v. Bergh, No. 11-CV-11271, 2011 WL 5143144, at *1 (E.D. Mich. Oct. 28, 2011) (Goldsmith, J.).  Because Petitioner is alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration.  Accordingly, the Court grants Petitioner's motion to reinstate the original habeas petition.

## III. CONCLUSION

For the reasons set forth above, the Court grants Petitioner's motion to reinstate the habeas petition (Dkt. 8).

The Court orders the Clerk of the Court to reopen the habeas petition to the Court's active docket.  The Court further orders that the Clerk of the Court serve a copy of the motion to reinstate (Dkt. 8), the amended petition for writ of habeas corpus (Dkt. 9), and a copy of this opinion and order on Respondent and on the Attorney General for the State of Michigan by first-class mail, as provided for in Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  See Coffee v. Harry, No. 04-71209, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

The Court orders Respondent to file a response to the habeas petition within 60 (sixty) days of the Court's order.  The Court has the "discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition." Erwin v. Elo, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  The Court will also order Respondent to file any additional Rule 5 materials relating to Petitioner's post-conviction

proceedings at the time that it files its answer.  Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5(c), 28 U.S.C. foll. § 2254.

Finally, the Court gives Petitioner forty-five (45) days from the receipt of Respondent's answer to file a reply brief.  See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."); see also Baysdell v. Howes, No. 04-CV-73293, 2005 WL 1838443, *4 (E.D. Mich. Aug. 1, 2005) (allowing petitioner forty-five days from the date that he received the answer to file a reply brief).

SO ORDERED.


Dated: December 3, 2014　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2014.

　　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　　JOHNETTA M. CURRY-WILLIAMS
　　　　　　　　　　　　　　　　　　　　CASE MANAGER