UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LICEAGA,

        Petitioner,

                                        Case No. 11-cv-15160

v.

                                        HON. MARK A. GOLDSMITH

MARY BERGHUIS,

        Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
## CERTIFICATE OF APPEALABLITY, AND GRANTING PERMISSION FOR LEAVE
## TO APPEAL IN FORMA PAUPERIS

Petitioner Antonio Liceaga, currently confined at the Earnest C. Brooks Correctional

Facility in Muskegon Heights, Michigan, filed a pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Following a jury trial in Ottawa County Circuit Court, Petitioner

was convicted of second-degree murder, Mich. Comp. Laws § 750.317; and possession of a

firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. As a result of these

convictions, Petitioner is serving consecutive sentences of 160 to 240 months' imprisonment for

the murder conviction, and two years' imprisonment for the felony-firearm conviction.

The petition raises eight claims: (i) insufficient evidence supported Petitioner's

convictions; (ii) a first-degree murder charge was improperly submitted to the jury, because

insufficient evidence was presented to show premeditation and deliberation; (iii) convictions for

second-degree murder and felony-firearm were against the great weight of the evidence; (iv) the

trial court denied Petitioner a fair trial and his right to due process by allowing irrelevant and

prejudicial evidence before the jury, failing to control the prosecutor, and denying Petitioner's

motion for a new trial; (v) the prosecutor committed misconduct; (vi) trial counsel was ineffective; (vii) the trial court improperly scored offense variable 6; and (viii) appellate counsel was ineffective.

For the reasons explained below, the Court denies the petition because Petitioner's claims are without merit and/or not cognizable on federal habeas corpus review. The Court declines to issue Petitioner a certificate of appealability, but grants Petitioner leave to proceed on appeal in forma pauperis.

## I. BACKGROUND

Petitioner was convicted of the above charges following a jury trial in the Ottawa County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions arise from the shooting death of his friend, Felipe Van, who died from a single gunshot to the left frontal area of his head. Gunpowder was embedded in the skin around the entry wound, indicating that Felipe was shot at close range. The principal issue at trial was defendant's state of mind at the time of the shooting. Defendant admitted shooting Felipe, but claimed it was an accident. Defendant testified that he and Felipe had a habit of playing with the gun and that, when the shooting occurred, he did not know there was a bullet in the chamber.
>
> \*       \*       \*
>
> According to a witness, Dalvin Kann, defendant and Felipe were playing around, but Kann could tell from defendant's facial expression and tone of voice that he was getting mad. Shortly before the shooting, defendant told Felipe that he was going to "grab my gun and shoot you." Evidence was presented that defendant had shot the gun one or two days earlier, and that he told others on the day before the shooting that he had two or three bullets left, thus supporting an inference that defendant knew that the gun was operational and loaded when he obtained it. After obtaining the gun, defendant approached Felipe, pointed the gun at

> him, and stated, "Do you want to play?" Kann heard a clicking
> sound, following which a shot was fired. The evidence of a
> clicking sound supports an inference that defendant manually
> cocked the gun before firing it. The evidence also indicated that
> the gun was placed near or against Felipe's head when it
> discharged, which supports an inference of a deliberate intent to
> kill. After the shooting, defendant hid the gun and ran from the
> house.

People v. Liceaga, No. 280726, 2009 WL 186229, at *1-2 (Mich. Ct. App. Jan. 27, 2009) (per

curiam). Petitioner's conviction was affirmed on appeal. Id. at *7, leave denied, 766 N.W.2d

846 (Mich. 2009).

Petitioner filed a motion for relief from judgment in the trial court. The trial court denied

the motion. People v. Liceaga, No. 07-031053-FC, Order (Ottawa County Circuit Court May 27,

2010) (Dkt. 17-15). Both Michigan appellate then denied leave to appeal. People v. Liceaga,

No. 300429 (Mich. Ct. App. Jan. 4, 2011) (Dkt. 17-21), leave denied, 800 N.W.2d 591 (Mich.

July 25, 2011).

Petitioner then filed a habeas corpus petition in this Court on November 18, 2011 (Dkt.

1). He also filed a motion to stay the matter to allow him to exhaust claims related to newly-

discovered evidence in state court. The Court granted the stay. See 4/30/2012 Order (Dkt. 6).

Petitioner filed a motion to correct sentence in the trial court on June 26, 2012. The trial

court denied the motion. People v. Liceaga, No. 07-031053-FC, Order (Ottawa County Circuit

Court July 23, 2012) (Dkt. 17-25). Both Michigan appellate courts denied leave to appeal.

People v. Liceaga, No. 315578 (Mich. Ct. App. May 22, 2013) (Dkt. 17-25), leave denied 839

N.W.2d 487 (Mich. 2013).

Petitioner filed a motion for evidentiary hearing in the trial court. The trial court denied

the motion on May 31, 2013. People v. Liceaga, No. 07-31053-FC, Order (Ottawa County

Circuit Court May 31, 2013) (Dkt. 17-27). The Michigan Court of Appeals and Michigan

Supreme Court both denied leave to appeal. See 10/15/2013 Order (Dkt. 17-27), leave denied, 847 N.W.2d 635 (Mich. 2014).

The Court then granted Petitioner's motion to reinstate the petition. See 12/3/2014 Order (Dkt. 11). Petitioner seeks habeas corpus relief on the following grounds:

    i.    "[Petitioner's] convictions for second degree murder and felony firearm should be overturned because there was insufficient credible evidence at trial to prove [Petitioner] guilty of the crimes."

    ii.    "[Petitioner] should receive a new trial because there was insufficient evidence to convict the [Petitioner] of first degree murder on the theory of premeditation and deliberation, yet, that charge was submitted to the jury along with others."

    iii.    "[Petitioner's] convictions for second degree murder and felony firearm must be reversed because they are against the great weight of the evidence and involve a miscarriage of justice."

    iv.    "The trial court denied [Petitioner] a fair trial and his due process rights by: erring in his evidentiary rulings by allowing irrelevant and unfairly prejudicial evidence before the jury; by failing to control the prosecuting attorney; and by denying [Petitioner's] motion for a new trial."

    v.    "The prosecutor's actions denied [Petitioner] a fair trial and his due process rights under the Michigan and Federal Constitutions."

    vi.    "[Petitioner] received ineffective assistance of trial counsel."

    vii.    "[Petitioner] must be resentenced where the trial court improperly gave him twenty five points for [Offense Variable ("OV"] 6, overruling a defense objection to this score. "

    viii.    "[Petitioner] was deprived of due process of law where his appellate lawyer omitted and failed to raise the issues presented in his motion for relief from judgment on the appeal of right."

Am. Pet. at 4-14 (Dkt. 9).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of

the doubt." <u>Renico v. Lett</u>, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. <u>Id.</u> Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. <u>See Wetzel v. Lambert</u>, 132 S. Ct. 1195, 1199 (2012). "If this standard is difficult to meet, that is because it was meant to be." <u>Harrington</u>, 562 U.S. at 102.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. <u>Id.</u> Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." <u>Id.</u> at 102-03. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was

so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington</u>, 562 U.S. at 103.

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. <u>Id.</u> Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011).

## III. ANALYSIS

### A. Procedural Default

Respondent argues that several of Petitioner's claims are barred from federal habeas corpus review because they are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." <u>Hudson v. Jones</u>, 351 F.3d 212, 215 (6th Cir. 2003) (citing <u>Lambrix v. Singletary</u>, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." <u>Lambrix</u>, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

### B. Claim One: The Sufficiency-of-the-Evidence Claim

Petitioner claims that insufficient evidence was offered to prove beyond a reasonable doubt that he was guilty of second-degree murder and felony firearm.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of

the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." <u>McGuire v. Ohio</u>, 619 F.3d 623, 631 (6th Cir. 2010) (citing <u>Brown v. Konteh</u>, 567 F.3d 191, 204-205 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Brown</u>, 567 F.3d at 205 (citing <u>Jackson</u>, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." <u>Id.</u>

Petitioner argues that he did not have the requisite state of mind to support a second-degree murder conviction. He claims that the shooting was an accident and the prosecution presented no evidence that Petitioner knew that death or great bodily harm would be the likely result of his actions. He argues that it was insufficient for the prosecutor to rely upon the circumstances of the shooting and inferences from those circumstances to prove intent.

Under Michigan law, the elements of second-degree murder are:

> (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. . . . Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.

<u>People v. Goecke</u>, 579 N.W.2d 868, 878 (Mich. 1998).

Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense. See People v. Nowack, 614 N.W.2d 78, 81 (Mich. 2000). Circumstantial evidence can, by itself, support a conviction. Newman v. Metrish, 543 F.3d 793, 796 (6th Cir. 2008); see also Holland v. United States, 348 U.S. 121, 140 (1954) ("Circumstantial evidence . . . is intrinsically no different from testimonial evidence. . . . In both, the jury must use its experience with people and events in weighing the probabilities."); United States v. Graham, 622 F.3d 445, 448 (6th Cir.2010) ("[P]hysical evidence is not a prerequisite to sustaining a conviction."). It is up to the jury to determine what conclusions should be drawn from the evidence presented at trial, so when "'faced with a record of historical facts that supports conflicting inferences [courts] must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Cavazos v. Smith, 565 U.S. 1, 7 (2011) (quoting Jackson, 443 U.S. at 326).

Testimony from several witnesses, viewed most favorably to the prosecution, showed that Petitioner was familiar with the operation of his gun and its inherent dangerousness. The evidence also supported a finding that Petitioner was aware that two or three bullets remained in the gun, and that Petitioner cocked the gun before firing it. Petitioner and the victim were play fighting just before the shooting. 8/1/2007 Trial Tr. at 9, 17, 25 (Dkt. 17-6). According to Kann, Petitioner became angry and threatened to grab his gun and shoot Van. Id. at 19-20. Petitioner retrieved the gun from a bedroom and returned to the living room, where he shot Van. Id. at 20-21. Further, Petitioner fled the scene after the shooting. Id. at 30. In light of all of this evidence, it would have been reasonable for a jury to infer that Petitioner acted with malice. The Michigan

Court of Appeals did not unreasonably apply <u>Jackson</u> in rejecting Petitioner's sufficiency of evidence claim.

Under Michigan law, the elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. <u>See</u> Mich. Comp. Laws § 750.227b; <u>People v. Akins</u>, 675 N.W.2d 863, 873 (Mich. Ct. App. 2003). Given that the state court reasonably applied <u>Jackson</u> in finding that sufficient evidence supported Petitioner's second-degree murder conviction, and that Petitioner admitted to using the firearm, it follows that sufficient evidence supported Petitioner's conviction of felony firearm.

Therefore, Petitioner's sufficiency of the evidence claim is without merit.

## C. Claim Two: Submission of First-Degree Murder Charge to the Jury Claim

Petitioner is also not entitled to habeas relief on any claim that there was insufficient evidence to support the submission of the first-degree murder charge to the jury and/or that the trial court erred in denying his directed verdict motion on the first-degree murder charge. "'[C]learly-established Supreme Court law provides only that a defendant has a right not to be <u>convicted</u> except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that submission of a charge upon which there is insufficient evidence violates a defendant's constitutional rights where the defendant is acquitted of that charge.'" <u>Long v. Stovall</u>, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006) (quoting <u>Skrzycki v. Lafler</u>, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004)) (emphasis in original). Because Petitioner was acquitted of the first-degree murder charge, he fails to show that its submission to the jury violated a constitutionally protected right.

### D. Claim Three: Great-Weight-of-the-Evidence Claim

Petitioner argues that habeas relief should be granted because the jury's verdict was against the great weight of the evidence. Habeas review is not available to correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A claim that a verdict was against the great weight of the evidence does not raise a claim of federal constitutional error. See Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence."). The Constitution requires only that the evidence be sufficient to support the verdict. In re Winship, 397 U.S. 358, 364 (1970). Therefore, this claim is not cognizable on habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").

### E. Claim Four: Trial-Court-Rulings Claim

Petitioner's fourth claim concerns the trial court's evidentiary rulings, the trial court's claimed failure to control the prosecutor, and the trial court's denial of a motion for new trial. Petitioner argues that the trial court's alleged failings denied him his right to due process and a fair trial.

First, Petitioner challenges the trial court's admission of other act evidence under Michigan Rule of Evidence 404(b). The trial court allowed testimony regarding Petitioner's use and handling of the gun on other occasions before the shooting, Petitioner's gang membership, and a MySpace photograph of Petitioner holding the murder weapon while making a gang sign. Liceaga, 2009 WL 186229, at *3-4. The Michigan Court of Appeals held that the evidence was properly admitted under state law to show a characteristic plan or scheme in committing the

offense.  Id. at *4.  Further, the state court held that the evidence was relevant and not unfairly prejudicial.

"[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"  Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000) (quoting Montana v. Egelhoff, 518 U.S. 37, 43 (1996)).  The Supreme Court has declined to hold that the admission of "other acts" evidence is so extremely unfair that it violates fundamental conceptions of justice.  Dowling v. United States, 493 U.S. 342, 352-353 (1990).  The Court has discussed when other acts testimony is permissible under the Federal Rules of Evidence, see Huddleston v. United States, 485 U.S. 681 (1988), but has not addressed the issue in constitutional terms.  Such matters are more appropriately addressed in codes of evidence and procedure than under the Due Process Clause.  Dowling, 493 U.S. at 352.  "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1).  Id. at 513.  Moreover, the admission of this evidence was not so fundamentally unfair as to violate due process.  Dowling, 493 U.S. at 352-353.  Therefore, the Court denies habeas relief on this claim.

Next, Petitioner argues that the trial court failed to control the prosecutor.  As discussed below, Petitioner fails to show that the prosecutor engaged in misconduct.  Accordingly, there was no failure to manage the prosecutor by the trial court.

Finally, Petitioner argues that the trial court erred in denying his motion for new trial because insufficient evidence supported his convictions and a directed verdict should have been

granted. The Court has held <u>supra</u> that sufficient evidence supported Petitioner's convictions and the trial court did not err in denying his motion or a directed verdict. This claim, consequently, is meritless.

### F. Claim Five: Prosecutorial-Misconduct Claim

Petitioner's fifth claim raises several claims of prosecutorial misconduct. Petitioner argues that the prosecutor committed misconduct by: (i) introducing the "other acts" evidence discussed above and evidence that he previously took a hunter's safety course; (ii) asking the jury to convict on the basis of civic duty; (iii) misstating the law; (iv) denigrating Petitioner and the defense; and (v) arguing facts not in evidence. The Michigan Court of Appeals found no misconduct in any of these instances. The Court finds that the Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986). <u>Parker v. Matthews</u>, 132 S. Ct. 2148, 2153 (2012). In <u>Darden</u>, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Id.</u> (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" <u>Parker</u>, 132 S. Ct. at 2155 (quoting <u>Harrington</u>, 562 U.S. at 103).

First, Petitioner argues that the prosecutor committed misconduct by introducing evidence of Petitioner's prior gun use and evidence that he took a hunter's safety course. The

Michigan Court of Appeals held that this evidence was properly admitted at trial because the Petitioner's prior gun use was relevant to his knowledge and intent, and evidence regarding the hunter's safety course was relevant to Petitioner's knowledge and awareness of gun safety. Liceaga, 2009 WL 186229, at *5. Where admission of the evidence was proper under state law, Petitioner cannot show that the prosecutor engaged in misconduct by presenting this evidence.

Next, Petitioner argues that the prosecutor improperly invited the jury to convict him on the basis of sympathy and civic duty. Petitioner objects to the following portion of the prosecutor's closing argument:

> Defendant wants you to believe that this was all an accident. As if what happened on January 20, 2007 was the hand of fate as he decides to cut the life of Felipe Van. And we know that neither the [g]ods nor man can prevent the will of fate when it is written. But it was not written that Felipe Van had to die on January 20, 2007. And it was not written that Felipe Van will never see his family again. And it was not written that Felipe Van would never breathe again, for it was not the will of fate or the will of the [g]ods that took the life of Felipe Van. It was the will of man.

8/3/2007 Trial Tr. at 107 (Dkt. 17-8).

A prosecutor, generally, should not "make statements calculated to incite the passion and prejudices of the jurors." Broom v. Mitchell, 441 F.3d 392, 412 (6th Cir. 2006). Arguments that appeal to the jury "to act as a community conscience are not per se impermissible." United States v. Solivan, 937 F.2d 1146, 1151 (6th Cir. 1991). Further, while "arguments that encourage juror identification with crime victims are improper, . . . nothing prevents the government from appealing to the jurors' sense of justice or from connecting the point to the victims of the case." Wogenstahl v. Mitchell, 668 F.3d 307, 333 (6th Cir. 2012).

In this case, the Michigan Court of Appeals found no misconduct in the prosecutor's remark. The prosecutor did not ask the jury to convict on the basis of civil duty, nor did the

prosecutor improperly appeal to the jury's sympathy.  <u>Liceaga</u>, 2009 WL 186229, at *6.  The

Michigan Court of Appeals held that the prosecutor's argument was a proper response to the

accident defense.  <u>Id.</u>

This Court finds the state court's conclusion reasonable.  The prosecutor's argument did

not ask the jury to convict on an improper basis.  Following the above-quoted portion of the

closing argument, the prosecutor proceeded to set forth the evidence adduced at trial and asked

the jury to convict on the basis of that evidence.  This is all proper argument grounded in

evidence, not passions or prejudices.  No misconduct occurred.

Petitioner's third claim of prosecutorial misconduct concerns an alleged misstatement of

the law.  Petitioner argues that the prosecutor attempted to lessen the burden of proof and

encourage speculation during voir dire by equating guessing with using common sense to decide

facts or motive, and in closing argument when he stated that Petitioner's statement, "Do you

wanna play," accompanied by Petitioner pointing the gun and pulling the trigger, showed that he

was guilty of first-degree murder.  The Michigan Court of Appeals denied relief, finding that the

prosecutor did not attempt to lower the burden of proof, but, instead, simply asked the jury to

make reasonable inferences arising from the evidence presented, which was a proper argument.

<u>Id.</u> at *6.

This Court agrees that the prosecutor's argument was not intended to shift the burden of

proof.  Moreover, even if the prosecution's argument was open to a different interpretation, any

potential prejudice was cured by the trial court's instructions on reasonable doubt and the burden

of proof, as well as the instruction that the attorneys' remarks were not evidence.  Jurors are

presumed to follow their instructions.  <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987).  Habeas

relief is not warranted on this claim.

Petitioner next argues that the prosecutor improperly denigrated Petitioner and the defense. Specifically, Petitioner challenges the prosecutor's argument that it was not fate that Van would die but that it was the "will of man," and that Petitioner honored the memory of his friend with a "funeral of lies." 8/3/2007 Trial Tr. at 107. The Michigan Court of Appeals' decision that the prosecutor was properly rebutting Petitioner's defense of accident is amply supported in the record.

Petitioner also objects to the prosecutor's rebuttal argument that the police officer who conducted the custodial interrogation did not physically assault Petitioner and, therefore, did not coerce Petitioner to provide certain answers. Petitioner argues that this mischaracterizes and denigrates his defense because coercion can take other forms, such as leading questions and repeated questioning. The Michigan Court of Appeals rejected this argument, finding, again, that the prosecutor's argument fell within the wide latitude afforded closing arguments. Liceaga, 2009 WL 186229, at *6. Petitioner has failed to establish that the prosecutor's argument was improper or that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

Finally, Petitioner argues that the prosecutor argued facts not in evidence in his closing statement when he argued that Petitioner felt a sense of power against those who had wronged him when he had a gun:

> When the defendant gets that gun he is respected by his friends. When the defendant shows that gun to those who he thinks are his enemies they fear him. Power – and that is the power of life and death, . . . pure absolute power, power that no other man but him has at that very minute, pure unadulterated power against those who have fucked against him. And as he pointed that gun, knowing full well this gun is loaded, that he has actually racked it, he puts it in . . . Did you feel that rush?

> Most of us would recoil from that position, but not him. Just
> before he sent Felipe into the black night did he feel the rush
> between life and death? And at that moment of supreme
> power, . . . he chooses to pull that trigger.

8/3/2007 Trial Tr. at 119.

This Court agrees with the Michigan Court of Appeals' holding that this argument asked the jury to draw reasonable inferences arising from the evidence presented at trial. Liceaga, 2009 WL 186229, at *7. The prosecutor's language about the "rush" and "supreme power" is certainly dramatic and has a fair amount of rhetorical flourish, but it is grounded in the testimony presented at trial regarding Petitioner's words and conduct. As such, it is not improper.

### G. Claim Six: Ineffective-Assistance-of-Trial-Counsel Claim

Petitioner's sixth claim alleges ineffective assistance of trial counsel. Petitioner argues that his defense counsel was ineffective in failing to object to the evidentiary rulings and prosecutor's conduct challenged in this trial errors. The Michigan Court of Appeals rejected this claim because the underlying claims lacked merit. Liceaga, 2009 WL 186229, at *7.

An ineffective assistance of counsel claim has two components. Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Id. at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. Id. at 694. "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.; see also Harrington, 562 U.S. at 105.

The Michigan Court of Appeals denied Petitioner's ineffective assistance of counsel claim. The state court held that, because Petitioner's evidentiary and prosecutorial misconduct claims lacked merit, he could not show that his attorney was ineffective in failing to object. As discussed above, this Court has found the Michigan Court of Appeals' denials of these claims reasonable. The Court, therefore, also finds the Michigan Court of Appeals denial of Petitioner's ineffective assistance of counsel claim to be a reasonable application of <u>Strickland</u>.

**H. Claim Seven: Sentencing Claim**

In his seventh claim for habeas corpus relief, Petitioner challenges the scoring of twenty-five points for offense variable 6. "Offense variable 6 is the offender's intent to kill or injure another individual." Mich. Comp. Laws § 777.36(1). A score of twenty-five points is appropriate if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." Mich. Comp. Laws § 777.36(1)(b).

Petitioner raised this claim for the first time on state-court collateral review. The trial court held that a sufficient factual basis supported the scoring of offense variable six. 5/27/2010 Order (Dkt. 17-5). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" <u>Estelle</u>, 502 U.S. at 67 (quoting <u>Lewis</u>, 497 U.S. at 780). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."). Habeas corpus relief is not available for this claim.

### I.   Claim Eight:  Ineffective-Assistance-of-Appellate-Counsel Claim

Finally, Petitioner seeks relief on the ground that his appellate attorney was ineffective in failing to raise his sentencing-related claim on direct appeal.  It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  See Jones v. Barnes, 463 U.S. 745, 751 (1983). In fact, "the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy."  O'Sullivan v. Boerckel, 526 U.S. 838, 858 (1999).

In denying Petitioner's motion for relief from judgment, the trial court found no error in the scoring of offense variable six.  5/27/2010 Order.  Petitioner has failed to show a reasonable probability that this claim would have succeeded on direct appeal.  Therefore, he cannot show that he was prejudiced by counsel's failure to raise this claim on direct review.   "Appellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" Shaneberger v. Jones, 615 F.3d 448, 452 (6th Cir. 2010) (quoting Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir.2001)).  Habeas relief is denied on this claim.

### J.   Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).   "A petitioner satisfies this standard by

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. <u>Id.</u> at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; <u>Castro v. United States</u>, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied. Accordingly, a certificate of appealability is not warranted in this case.

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. <u>Foster v. Ludwick</u>, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing <u>United States v. Youngblood</u>, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. <u>Id.</u> at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. <u>Foster</u>, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. <u>Id.</u> at 764-765.

## IV. CONCLUSION

For the reasons stated above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, but grants Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: May 16, 2017
        Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2017.

s/Karri Sandusky
Case Manager